IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Lee Jones, ) | C/A No.: 3:14-3017-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Public Defender James Rogers; Solicitor ) | |
| Stacey Hayes; and Judge Currie, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, William Lee Jones, is an inmate with the Federal Penitentiary in Atwater, California. He brings this action contending that after he was sentenced in the District of South Carolina,[1] his attorney informed him that he had been incorrectly sentenced as an armed career criminal. He argues that the defendants should have known that his sentence was improper.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation and opines that the court should summarily dismiss this action without prejudice. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The plaintiff was sentenced by the Honorable Cameron McGowan Currie on January 8, 2014 after he pled guilty to being a felon in possession of a firearm. He presently has pending before Judge Currie a petition to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. *See Jones v. United States*, 0:14-2673-CMC (D.S.C.).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on August 13, 2014. The plaintiff has not filed objections and the time within which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge has evaluated the plaintiff's complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). The Magistrate Judge correctly notes that defendant Rogers does not act under color of state law and is not amenable to suit under 42 U.S.C. § 1983; that defendant Hayes [Haynes] has absolute immunity and any claims against her are barred by prosecutorial immunity; and that defendant Judge Currie has absolute judicial immunity from a claim for damages arising out of her judicial actions.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds that the Magistrate Judge's recommendation is proper and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also

IT IS SO ORDERED.

                                                                      Joseph F. Anderson, Jr.

September 18, 2014                                     United States District Judge
Columbia, South Carolina

---

debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

3